# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RHETT R. SMITH, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRISH DeBERRY-MEJIA, | § | SA-09-CV-0281 FB |
| RICHARD PEREZ, | § | |
| CHARLES VAUGHN, and | § | |
| Deputy FNU SCULLEY, | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Fred Biery
United States District Judge

This report and recommendation recommends dismissal of this case. Previously, the district judge referred to me plaintiff Rhett R. Smith's motion to proceed *in forma pauperis* (IFP).[1] In considering the motion, I observed that this case should be dismissed under 28 U.S.C. § 1915(e). I also determined that Smith should be sanctioned.

Section 1915(e) provides for *sua sponte* dismissal of an IFP proceeding if the court finds that the complaint "is frivolous or malicious" or "fails to state a claim upon which relief may be granted."[2] This provision permits the court to dismiss those claims whose factual contentions are

---

[1]Docket entry # 1.

[2]28 U.S.C. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(I) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detainee's claim under Fed. R. Civ. P. 12(b)(6)).

clearly baseless.³ Dismissal of a claim as frivolous is appropriate where the claim lacks an arguable basis either in law or in fact.⁴ Similarly, it has been held that the "district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'"⁵ Analyzing the merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case.

**Whether this case should be dismissed**. This case should be dismissed under section 1915(e) because it is frivolous—Smith's claims lack an arguable basis either in law or in fact. Smith applied for IFP status on April 10, 2009, seeking to sue City of San Antonio mayoral candidate Trish DeBerry-Mejia, President and CEO of the Greater San Antonio Chamber of Commerce Richard Perez, Senior Vice-President of KLRN Public Television Broadcasting Charles Vaughn, and Bexar County Deputy first-name-unknown Sculley. Smith later sought to amend his proposed complaint to substitute Bexar County Sheriff's Deputy D. Skurnik⁶ for Deputy Sculley. Smith did not specify a cause of action in his proposed complaint, but complained about violations of state election law—specifically, Smith alleged that the defendants conspired to engage in political advertising. Smith also alleged that Deputy Skurnik acted under "color of law" to exclude and remove him and another minor mayoral candidate from KLRN Public Television Broadcasting.

---

³*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

⁴*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

⁵*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

⁶Docket entry # 5.

The inclusion of the language of "color of law" indicates Smith relies on 42 U.S.C. § 1983 as the legal basis for this lawsuit.

Section 1983 permits a person to sue a governmental official like Deputy Skurnik acting "under color of law" for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws [of the United States],"[7] but Smith did not complain about the violation of the federal constitutional or a federal law. Smith complained in general about the defendants' "PREMEDITATED VIOLATIONS OR U.S. LAWS AND STATE OF TEXAS LAWS WHICH PROHIBIT CORPORATIONS FROM POLITICAL CANDIDATE CAMPAIGNING AND *POLITICAL ADVERTIZING*," but the attachments to his complaint show that he complains about the violation of state law,[8] not federal law. Section 1983 provides no remedy for a violation of state law.

Section 1983 also provides no basis for suing DeBerry-Mejia, Perez, or Vaughn. To state a claim for relief under section 1983, a plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."[9] "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'"[10] Here, Smith complains about private conduct that was not under the color of state law. Smith complains about

---

[7] 42 U.S.C. § 1983.

[8] Smith complained about violations of the Texas Election Code.

[9] *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

[10] *Sullivan*, 526 U.S. at 50.

3

private conduct by private individuals and private entities[11]—not state action. To the extent that Smith may argue that the private defendants acted as state actors because they sponsored and/or participated in a political debate, a private person "is not deemed a state actor merely because it promote[d] a debate."[12] A complaint that does not sue a state official for the violation of federal law fails to state a claim upon which relief may be granted. Smith's proposed complaint lacks a basis in law or in fact because no legal or factual basis exists for the lawsuit. This case should be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

**Whether sanctions are appropriate**. Smith should be sanctioned for filing this case because it is frivolous. On March 3, 2009, Judge Xavier Rodriguez advised Smith about Rule 11's[13] mandates and warned Smith that sanctions would be imposed if he filed a case violating Rule 11.[14] Judge Sam Sparks also warned Smith about violating Rule 11.[15] Despite these warnings, Smith filed this case in violation of Rule 11. This case violates Rule 11 because Smith's "claims, defenses, and other legal contentions are [not] warranted by existing law or by a nonfrivolous

---

[11] Smith complains about "USING THE PREMISE OF KLRN TV PUBLIC BROADCASTING CORP. FOR THE PURPOSED OF ADVERTIZING CANDIDATES FOR THE OFFICE OF MAYOR OF SAN ANTONIO."

[12] Cause SA-05-CV-00308-XR, docket entry # 28, p. 6. *See DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (explaining the circumstances under which a private party can be deemed to be a state actor in a case where a minor party gubernatorial candidate who was excluded from political debate sued the radio personality who organized the debate, owners of radio and television stations that broadcasted the debate, and the university officials hosting the debate under section 1983).

[13] Fed. R. Civ. P. 11.

[14] Cause No. SA-08-CV-945-XR, docket entry # 23.

[15] Cause No. A-06-CV-162-SS, docket entry # 29.

argument for extending, modifying, or reversing existing law or for establishing new law."[16]  Smith knows his claims are not warranted by existing law because he has sued numerous private persons, private entities, and public officials under section 1983 with the same result.

**The appropriate sanction**.  "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[17] On May 28, 2008, Judge Orlando Garcia issued a pre-filing injunction barring Smith "from pursuing, in any court, the claims regarding his efforts to be placed on a Presidential primary or general election ballot, as well as claims regarding his claims that government entities have violated the Establishment of Religion Clause by promoting Christian and Zionist candidates or by opposing non-Zionist candidates, without first receiving permission from a District of the San Antonio Division of the Western District of Texas."[18]  Since the injunction was issued, Smith has filed four more lawsuits.  The first lawsuit was dismissed as frivolous.[19]  The second lawsuit was dismissed for failure to state a claim.[20]  I am recommending dismissal of the third lawsuit—this case—as frivolous.[21]  U.S. Magistrate Judge Pamela Mathy has directed Smith to show cause why his claims in the fourth lawsuit are not frivolous.[22]  These cases show that Judge Garcia's pre-filing

---

[16]Fed. R. Civ. P. 11(b)(2).

[17]Fed. R. Civ. P. 11 (c)(4).

[18]Cause No. SA-07-CV-982-OLG, docket entry # 21.

[19]Cause No. A-08-CV-639-SS, docket entry # 10 (filed 8/26/2008, dismissed 12/19/2008).

[20]Cause No. SA-08-CV-945-XR, docket entry # 23 (filed 11/21/2008, dismissed 3/3/2009).

[21]Cause No. SA-09-CV-281-CV (filed 4/10/2009).

[22]Cause No. SA-09-CV-368-XR, docket entry # 2 (filed 5/8/2009).

5

injunction did not deter Smith from filing frivolous lawsuits. Because the pre-filing injunction did not deter Smith, I recommend a broader injunction.

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation. A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."[23]

> In determining whether it should impose a pre-filing injunction or should modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:
>
> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.[24]

**Smith's history of litigation**. Smith has history of filing lawsuits against various private persons, private entities, and public officials for alleged violations of his civil rights. Most of the lawsuits are related to Smith's efforts to run for election to various political offices. For example, in Cause No. SA-07-CV-408-OLG, Judge Garcia determined that Smith sought to file a frivolous lawsuit against City of San Antonio Mayor Phil Hardberger and others over a National-Day-of-Prayer event. Smith complained that he was not asked to speak at the event even though he was a candidate for mayor and that Mayor Hardberger, who sought re-election as mayor, was permitted to speak. Smith alleged he was not invited to speak because he is not Christian and Zionist.[25] He alleged the defendants acted under color of law to present a Christian-Zionist demonstration,

---

[23] *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (internal citations omitted).

[24] *Baum*, 513 F.3d at 189.

[25] Cause No. SA-07-CV-408-OLG, docket entry # 3.

linking the city government to certain theology.[26] In a detailed order, the court explained why Smith's allegations were frivolous and failed to state a claim under section 1983.[27] Judge Garcia observed that the lawsuit was Smith's fifth election-related lawsuit and dismissed the case for failure to state a non-frivolous claim for relief.[28]

Despite the result in Cause No. SA-07-CV-408-OLG, Smith filed his sixth election-related lawsuit in Cause No. SA-07-CV-668-XR. In that lawsuit, Smith sought to sue the Iowa State Republican Party and others for violating his right to be a political candidate, without specifying the factual basis for his claims or his causes of action. Smith alleged only that the defendants acted under color of law and violated his rights.[29] Although the court explained why Smith's proposed complaint failed to state a claim upon which relief may be granted and directed Smith to plead with particularity, Smith failed to allege facts that would entitle him to relief.[30] Judge Rodriguez determined that the lawsuit failed to state a claim upon which relief may be granted.[31] In his seventh election-related lawsuit, Smith sought to sue the New Hampshire Secretary of State. Smith complained that he was not placed on the presidential ballot because he is not a Zionist and that only Zionists were permitted to participate. In that case, the magistrate judge observed Smith's

---

[26]*Id.*

[27]*Id.*, docket entry # 2.

[28]*Id.*, docket entry # 4.

[29]Cause No. SA-07-CV-668-XR, docket entry #s 7 & 9.

[30]*Id.*, docket entry # 10.

[31]*Id.*, docket entry # 15.

pattern of initiating frivolous lawsuits and recommended sanctions.[32] Judge Orlando Garcia dismissed the lawsuit and issued the pre-filing injunction.[33] Undeterred, Smith filed an eighth lawsuit against the University of Texas in Austin and others, complaining about the defendants' association with pro-Zionist political candidates and exclusion of non-Zionist candidates. The magistrate judge explained in a detailed show-cause order why Smith's allegations failed to state a claim upon which relief may be granted and why Smith's claims were frivolous.[34] Judge Royal Furgeson dismissed the case for failing to state a claim after Smith failed to respond to the magistrate judge's show-cause order.[35] Smith then sought to file his ninth election-related lawsuit, a case stemming from his efforts to run as a candidate for the United States Senate.[36] Smith again complained about favoritism towards Zionist candidates. The district judge dismissed the case for failing to state a claim.[37]

Smith next sought to avoid Judge Garcia's injunction by filing his tenth election-related lawsuit in the Austin Division. In Cause No. A-08-CV-00639-SS, Smith identified himself as a non-Zionist citizen and sought to sue the Texas Secretary of State and Judge Garcia. Judge Sam Sparks observed that Smith failed to state any legal basis for his claims and explained why Smith's

---

[32] Cause No. 07-CV-982-OLG, docket entry # 16.

[33] *Id.*, docket entry # 21.

[34] Cause No. SA-08-CV-159, docket entry # 2.

[35] *Id.*, docket entry # 3.

[36] Cause No. SA-08-CV-189-FB, docket entry # 14.

[37] *Id.*, docket entry # 19.

lawsuit was frivolous.[38] Judge Smith dismissed the case for failing to state a claim upon which relief may be granted.[39]

In each of these cases, Smith's use of the language "under color of law" indicated he relied on section 1983.[40] In each case, the court explained why Smith's claims were frivolous and why Smith's allegations failed to state a claim under section 1983.[41] Still, Smith persists.

**Whether Smith intended to harass**. Despite warnings from Judges Rodriguez and Sparks, and the pre-filing injunction, Smith has continued to file frivolous lawsuits, indicating Smith's intent is to harass defendants who do not support his candidacy for the various offices he has sought. Rule 11 prohibits an unrepresented party from using a lawsuit "for any improper

---

[38]Cause No. A-08-CV-00639-SS, docket entry # 10.

[39]*Id.*, docket entry # 19.

[40]*See* Cause No. SA-07-CV-408-OLG, docket entry # 3 (alleging that the mayor of San Antonio presented a Christian-Zionist demonstration under "color of law); Cause SA-07-CV-668-XR, docket entry # 9 (suing the Texas Republican Party, a radio station and others for violating his right to be a candidate and asserting that the defendants acted under color of law); Cause No. SA-07-CV-982-OLG, docket entry # 1 (attempting to sue the New Hampshire Secretary of State for a civil rights violation because Smith did not meet the residency requirements for being placed on the primary election for President of the United States); Cause No. SA-08-CV-159-WRF, docket entry # 2 (writing that Smith sought to sue various defendants as "state actors" for mis-appropriately using public funds to sponsor campaign debate for political candidates, but excluding Smith as non-Zionist); Cause No. SA-08-CV-189-FB, docket entry # 3 (complaining that a radio station interviewed candidates for state senator without interviewing Smith and asserting that the failure to interview him violated his civil rights); Cause No. SA-08-CV-945-XR, docket entry # 7 (relying on section 1983 to sue candidate for Bexar County Precinct No. 3 for causing Smith to withdraw from a school district election); Cause No. A-08-CV-639-SS, docket entry # 5 (relying on sections 1981 through 1985 and attempting to sue the Texas Secretary of State because he was not placed on the ballot for President of the United States).

[41]*See* Cause No. SA-07-CV-408-OLG, docket entry # 2; Cause No. SA-07-CV-668-XR, docket entry # 10; Cause No. SA-07-CV-982-OLG, docket entry # 16; Cause No. SA-08-CV-159-WRF, docket entry # 2; Cause No. SA-08-CV-189-FB, docket entry # 14; Cause No. SA-08-CV-945-XR, docket entry # 23; Cause No. A-08-CV-639-SS, docket entry # 4.

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").[42]

**The extent of the burden on the courts and parties**. Thus far, the court has dealt with at least fifteen lawsuits. The court has resolved most of those lawsuits in a fairly efficient manner—often, using show cause orders and section 1915(e). Although those procedures minimized the costs to the court, in some cases, defendants had to bear the cost of a defense.[43]

**The adequacy of alternative sanctions**. Judge Garcia's injunction was narrowly tailored, but it did not deter repetition of the same conduct or comparable conduct. In addition to the election-related lawsuits discussed in this report and recommendation, Smith has sued other public officials and private entities in at least five other lawsuits.[44] Smith has been instructed more than once that a private entity is not a state actor merely because it promoted a political debate.[45] Yet Smith seeks to sue three non-state actors in this case based on promotion of a political debate. A

---

[42] *See* Fed. R. Civ. P. 11(b)(1) (requiring an unrepresented party to certify that his lawsuit "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation").

[43] *See* Cause No. SA-08-CV-189-FB, docket entry # 13; Cause No. SA-07-CV-668-XR, docket entry # 13; Cause No. SA-CV-982-OLG, docket entry #s 7 & 12; Cause No. SA-08-CV-945-XR, docket entry #s 15, 17, 18 & 19.

[44] *See* Cause No. SA-05-CV-308-XR, docket entry # 28 (determining that Smith failed to state a claim upon which relief may be granted in case where Smith complained about being excluded from a debate amongst mayoral candidates); Cause No. A-06-CV-162-SS, docket entry # 35 (sanctioning Smith for filing a frivolous lawsuit against the Texas governor and others, and seeking to enjoin the Republican primary gubernatorial election); Cause No. SA-06-CV-1079-OLG, docket entry # 5 (reporting that Smith sought to restrain certain political advertisement, postpone a special run-off election between two state congressional candidates). *See also* Civil Action No. 08-745 (M.D. Pa), docket entry # 1 (alleging that the Pennsylvania secretary of state violated his First Amendment right for failing to recognize him as a presidential candidate); Civil Action No. 08-1875 (E.D. Pa.), docket entry # 2 (denying Smith's application to proceed IFP where Smith sought to sue the Pennsylvania secretary of state).

[45] *See* Cause No. SA-05-CV-00308-XR, docket entry # 28, p. 6; Cause No. SA-06-CV-902-WRF, docket entry # 20, p. 4.

broader per-filing injunction is needed to deter the repetition of the same conduct or comparable conduct. I recommend modifying Judge Garcia's pre-filing injunction to include lawsuits based on Smith's efforts as a candidate for elected positions, to include claims that he was barred from participating in a debate amongst political candidates.

**Recommendation**. For the reasons discussed in this report, I recommend DENYING the motion to proceed IFP (docket entry # 1) and DISMISSING this case under section 1915(e) as frivolous. To the extent that Smith may complain about a lack of notice that the court is considering dismissal of this case, Smith should treat this report and recommendation as notice and respond in accordance with the following instructions.

I also recommend MODIFYING the pre-filing injunction issued by Judge Garcia, to bar Smith from pursuing, in any court, claims regarding his efforts as a candidate for elected positions, to include claims that he was barred from participating in a debate amongst political candidates, without first obtaining permission from a district judge in the San Antonio Division of the Western District of Texas. Because no motion for sanctions is before the court, Smith should consider this report and recommendation as notice that the court is considering modifying the sanction order and respond in writing why this lawsuit does not violate Rule 11.[46] The failure to object to the recommendation for sanctions may be interpreted as Smith's admission that his claims are frivolous.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a

---

[46]*See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

"filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[47] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[48] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[49]

**SIGNED** on May 29, 2009.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[47] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[48] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[49] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).